LAW OFFICES OF JEFFEREY K. RUBENSTEIN
Jeffery K. Rubenstein (167192)
9461 Charleville Blvd. #267
Beverly Hills, CA 90212
Telephone: (310) 477-2100
Facsimile: (310) 772-0666

Attorney for Defendant
RAMIRO MENDES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>RAMIRO MENDES,<br><br>    Defendant. | Case No.: CR22-370-PA<br><br>DEFENDANT'S RAMIRO MENDES SENTENCING POSITION<br><br>Sentencing Date and Time:<br>December 12, 2022<br>8:30 A.M. |

Defendant RAMIRO MENDES, by and through his counsel of record, Jeffery K. Rubenstein, hereby submits his position regarding sentencing. Based on all the information available to the Court, additional mitigating factors presented herein, and the existences of good grounds and cause, Mr. Mendes respectfully asks this Court to impose a lenient sentence below the recommended guidelines.

Dated:  November 21, 2022        LAW OFFICES OF JEFFERY K. RUBENSTEIN

                                 By: _____/s/_____
                                     Jeffery K. Rubenstein
                                     Attorney for Defendant
                                     RAMIRO MENDES

# I.
# INTRODUCTION

On September 22, 2022, Defendant Ramiro Mendes pled guilty to a single count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §1343. The facts and circumstances surrounding this matter stem from Mr. Mendes defrauding SBA and SBA-approved lenders to obtain money such lenders from April 2020 to August 2020.

Mr. Mendes has expressed, and continues to feel, great remorse and contrition for his serious conduct. He has accepted full responsibility for violating the law and entered a guilty plea in front of this honorable Court in the incredibly early stages of criminal proceedings.

Following the lineage of Supreme Court rulings that began with <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), advisory guidelines are now one of several factors to be considered by the Court at sentencing. There is no presumption at the district court level that a guideline sentence is inherently reasonable. Rather, in arriving at an appropriate sentence, the Court is directed to consider all the sentencing factors set forth in 18 U.S.C. §3553(a).

In the matter before the Court, the nature and circumstances of the offense, the defendant's background, history, and character, as well his genuine remorse and contrition, Mr. Mendes seems unlikely to reoffend. These are all factors which show that a sentence below the guidelines is warranted. Therefore, a downward departure allowing for a reasonable sentence in accordance with the probation report recommendation of 63 months and a further downward departure and supervised release for three years with the terms and conditions of probation would be "sufficient but not greater than necessary" to fulfill the sentencing factors set forth in 18 U.S.C. §3553(a).

## II.
## MR. MENDES HAS SHOWN REMORSE
## AND CONTRITION FOR HIS CRIMINAL CONDUCT

Mr. Mendes deeply regrets his criminal conduct that brings him before this Court. As Mr. Mendes writes in his letter to the Court:

> Throughout my life, I have been a law-abiding citizen with a clean criminal record. I can assure your Honor, the Court, and the United States of America that I will never commit such an offense again. Instead, I am taking this experience as a learning lesson, a time for reflection with the hope of coming out of it as soon as possible as a better human being. (Please see Exhibit A.)

## III.
## THE §3553(A) FACTORS MITIGATE TOWARD
## THE REQUESTED NON-GUIDELINE SENTENCE

**This Court has Broad Discretion to Impose a Non-Guidelines Sentence**

Following United States v. Booker, 125 S. Ct. 738 (2005), Gall v. United States, 552 U.S. 38, (2007), and Kimbrough v. United States, 128 S. Ct. 558, 570 (2007), this Court has broad discretion, after considering the totality of factors present in the case, to impose a non-guideline sentence. The Court's sole statutory mandate is to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing" under §3553(a)(2).[1]

Through the letters written on behalf of Mr. Mendes in support of his character, remorse, and cooperation with the government, (attached herein as Exhibit B), it is well militated that Mr. Mendes is not a typical criminal who is at a high risk to reoffend. The letters written in support of Mr. Mendes testify to his true character and show a strong likelihood and ability to rehabilitate from his

---

[1] The sentencing factors under §3553(a)(2) include providing just punishment, adequate deterrence, incapacitation, and rehabilitation.

unfortunate choices. In his support of Mr. Mendes's character, Joao Mendes, his brother writes:

> My brother is a recording artist, music producer, and composer. He is known for his works in music and other cultural contributions that extend internationally. He has never seen the inside of a prison, never served time, or ever been arrested. He's not violent, neither in action nor verbally or in any other ways. He does not suffer from any mental illnesses. He does not use profanity of any type. He has never drunk alcohol ever since I can remember growing up and until today. He doesn't smoke cigarettes and does not do any drugs of any kind. This is the only transgression my brother has ever made.

In another letter written by a friend and colleague of Mr. Mendes, Mr. Reid, writes the following in support of Mr. Mendes's character:

> It is with much respect; I declare that throughout the years I've known him, he has consistently exhibited exceptional strength of character and dependability. As I've witnessed his work ethic, I have been constantly impressed with his integrity and fairness.

Through his counsel, Mr. Mendes also wishes to highlight his life history. As outlined in the Pre-Sentence Investigation Report, Mr. Mendes has encountered extraordinary hardships in his life which he has overcome. Further, he attended and graduated the Berkley College of Music where he received his bachelor's degree in May 1993. In addition, Counsel has had nothing but positive interactions with Mr. Mendes, where he expressed great shame and remorse for his conduct in the matter before the Court.

The Court should also note that at an early stage in the proceedings, Mr. Mendes met with federal agents and fully cooperated with the Government's investigation. When a search warrant was served upon Mr. Mendes on February 24, 2021, he decided, along with his Counsel, to fully

cooperate and thereafter a proffer was set up at Counsel's home office during the Coronavirus Pandemic. Mr. Mendes had been, and continues to be, forthcoming with the Government. He agreed to surrender all assets received, which Mr. Mendes had converted into Bitcoin (realizing a substantial profit). In addition, Mr. Mendes disclosed to the Government additional resources he received in the form of gold which he volunteered to surrender to federal agents.

In July 2021, Mr. Mendes voluntarily signed paperwork transferring crypto assets to permit the government to convert the assets into US currency and to forfeit such assets. He continues to cooperate with the government in repatriation of foreign crypto accounts and has met with agents as recently as November 15, 2022, to provide requested information, access, and support to the government. We expect that all assets Mr. Mendes received will be repaid in full through a separate process, and at that time, we will request that such assets be applied towards any restitution owed.

## VI.
## FURTHER ANALYSIS OF §3553(A) SENTENCING FACTORS

*The Need for Just Punishment*

There is no doubt that Mr. Mendes has committed a crime that requires some form of punishment. Mr. Mendes has been cooperative with Counsel and the government in a timely and responsible manner throughout the almost two-year process, up to and including his plea and acceptance of responsibility in a humble and forthright tone.

*The Need for Adequate Deterrence*

Given Mr. Mendes's remorse combined with his good faith effort to mitigate the loss through repaying the loss immediately, shows that Mr. Mendes is unlikely

to reoffend. The requested sentence would adequately deter Mr. Mendes from any future unlawful activity. He has already been deterred by virtue of his own shame, increased awareness of the profound consequences of breaking the law.

*The Need to Protect Society from Further Crimes on the Part of the Defendant*

Considering Mr. Mendes's contrition, his attempts to make the victims whole, his family and community ties, and the fact that he is unlikely to reoffend if he remains on the path he is on now, the requested sentence will provide sufficient deterrence to protect society from further criminal activity by Mr. Mendes.

*The Kinds of Sentences Available*

Mr. Mendes's criminal conduct is serious but related to his addiction. Based on the lineage of cases beginning with Booker, this Court may sentence the defendant outside of the applicable advisory guidelines considering §3553(a) factors. The sentence must be "reasonable" based on the District Court judge's application of these factors.

## VII. CONCLUSION

While the Defense accepts and agrees with all the factors in the probation report recommendation, the Defense respectfully requests that this Court not only adopt the probation departments recommendation, but further exercise its wide discretion for an additional downward departure and impose a sentence of no more than 24 months in custody along with supervised release for three years and any other terms and conditions that the Court deems appropriate. Such a sentence would be "sufficient but not greater than necessary" to fulfill the sentencing factors set forth in §3553(a), while allowing Mr. Mendes to continue his positive efforts to rebuild his life.

1  The above is respectfully submitted by Ramiro Mendes through his counsel
2  based on all the above and all other documentation submitted by all parties and all
3  other sentencing memorandum and reports.

Dated: November 21, 2022     LAW OFFICES OF JEFFERY K. RUBENSTEIN


By: _____/s/_____
Jeffery K. Rubenstein
Attorney for Defendant
RAMIRO MENDES