UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:22-00370-PA |
| Plaintiff, | |
| v. | [PROPOSED] PRELIMINARY ORDER OF FORFEITURE PURSUANT TO PLEA AGREEMENT |
| RAMIRO DA ROSA MENDES, | |
| Defendant. | No hearing requested |

Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture pursuant to the guilty plea to the single-count Information entered into by defendant RAMIRO DA ROSA MENDES and, good cause appearing thereon, IT IS HEREBY ORDERED:

//

//

# I. FORFEITABLE PROPERTY

For the reasons set out below, all right, title and interest of defendant RAMIRO DA ROSA MENDES ("defendant") in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States.  The Court finds that the government has established the requisite nexus between the Forfeitable Property and the offense described in Count of the single-count Information.  The Forfeitable Property is more particularly described as:

i.   $3,381.03 seized from the Bank of America account x8167 in the name of Ramiro Mendes;

ii.  $69.00 seized from the Bank of America account x1156 in the name of Ramiro Mendes Real Estate;

iii. $13,413.60 seized from the Wells Fargo account x2299 in the name of Ramiro Mendes;

iv.  $500 seized from the Wells Fargo account x1884 in the name of Rodeo Drive Media LLC;

v.   $500 seized from the Wells Fargo account x1868 in the name of Robertson Luxury Services LLC;

vi.  $500 seized from the Wells Fargo account x1892 in the name of Global Music Services LLC;

vii. $500 seized from the Wells Fargo account x3691 in the name of Altavista Film and Video Productions LLC;

viii.    $500 seized from the Wells Fargo account x3709 in the name of Xinguar Holding Company LLC;

ix.  $120.02 seized from the J.P. Morgan Chase account x7152 in the name of Almont Film Productions LLC;

x.     $110.00 seized from the J.P. Morgan Chase account x5968 in the name of Rodeo Drive Enterprises LLC;

xi.    $240.00 seized from the J.P. Morgan Chase account x8715 in the name of MB Global Holdings LLC;

xii.   $528.89 seized from the J.P. Morgan Chase account x6799 in the name of MB Realty Group LLC;

xiii.  $4,192.02 seized from the Sharon and Crescent account x0592 in the name of Ramiro Mendes;

xiv.   $399.47 seized from the American Express account x2936 in the name of Ramiro Mendes;

xv.    $3,578.39 seized from the Santander account x6075 in the name of Quantum World Enterprises LLC;

xvi.   $2,000 seized from the Barclays account x2377 in the name of Ramiro Mendes;

xvii.  $21,608.87 seized from the Interactive Brokers account x6417 in the name of Ramiro Mendes LLC;

xviii. $3,963.43 seized from the Lafayette Life Insurance Company policy number x0613 in the name of Ramiro Mendes;

xix.   $4,067.10 seized from the Lafayette Life Insurance Company policy number x2952 in the name of Ramiro Mendes;

xx.    $7,991.54 seized from the Lafayette Life Insurance Company policy number x0942 in the name of Joao Mendes;

xxi.   $10,248.83 seized from the Lafayette Life Insurance Company policy number x3019 in the name of Joao Mendes;

xxii.     Approximately $896,359.77 liquidated pursuant to an interlocutory sale of cryptocurrency on October 8, 2021, derived from all funds, except for $3,000, 1.012488 ETH, 1.058169 LTC, 160.9976 XRP, 846.6308 XLM, 261.3215 BAT, 215.4765 XRP, 0.554913 LINK, 517.3823 XLM, 0.010672 BTC, and 84.17692 XRP seized from the Coinbase account xE151 in the name of Ramiro Mendes;

xxiii.    Approximately $39,117.09 liquidated pursuant to an interlocutory sale of cryptocurrency on October 8, 2021, derived from all funds seized from the Gemini Trust account x9847 in the name of Ramiro Mendes;

xxiv.     Approximately $916,711.57 liquidated pursuant to an interlocutory sale of cryptocurrency on October 8, 2021, derived from all funds in the Kraken account x2GFQ in the name of Ramiro Mendes;

xxv. All funds and securities in the Charles Schwab account x6699 in the names of Ramiro Mendes and Joao Mendes;

xxvi.     $62,087.94 seized on or about July 29, 2021 in the form of a cashier's check, derived from three cashier's checks drawn against Charles Schwab account x6699 and all funds and securities contained therein, in the names of Ramiro Mendes and Joao Mendes;

xxvii.    $80,089.95 seized in the form of a cashier's check, on or about October 7, 2021, from the Bank of America account in the name of Ramiro Mendes LLC;

xxviii.   $5,002.22 in funds associated with Citibank, N.A. check number 134218698, issued on or about January 29,

2021, payable to MB Property Management Group LLC, and withdrawn from account x4279;

xxix.    $5,100 in funds associated with Citibank, N.A. check number 134218702, issued on or about January 29, 2021, payable to La Peer Multimedia LLC, and withdrawn from account x3792 (collectively, the "Forfeitable Property").

**II.  IMPLEMENTATION**

IT IS FURTHER ORDERED as follows:

A.   Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

B.   Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C.   Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

(1)   Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

(2)   Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

(3)   Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

1          (4)   The United States shall have clear title to the

2  Forfeitable Property following the Court's disposition of all

3  third-party interests or, if no petitions are filed, following

4  the expiration of the period provided in 21 U.S.C. § 853(n)(2)

5  for the filing of third-party petitions.

6      D.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this

7  Preliminary Order of Forfeiture shall be final and made part of

8  defendant's sentence and judgment.

9      E.   The Court shall retain jurisdiction to enforce this

10  Order, and to amend it as necessary, pursuant to Fed. R. Crim.

11  P. 32.2(e).

12  DATED: _____      _____

13                                   HONORABLE PERCY ANDERSON
                                     UNITED STATES DISTRICT JUDGE

14  PRESENTED BY:

15  E. MARTIN ESTRADA
    United States Attorney
    MACK E. JENKINS
16  Assistant United States Attorney
    Chief, Criminal Division
17  JONATHAN GALATZAN
    Assistant United States Attorney
18  Chief, Asset Forfeiture and Recovery Section

19      */s/*
    _____
20  DAN G. BOYLE
    Assistant United States Attorney
21  Asset Forfeiture and Recovery Section

22  Attorneys for Plaintiff
    UNITED STATES OF AMERICA

23

24

25

26

27

28

                                     7